UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASON AGOSTO,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION and MANUEL UREÑA, Principal of the High School of Art and Design,

Defendants.

COMPLAINT

17 CV 9066

JURY TRIAL DEMANDED

Plaintiff **JASON AGOSTO**, by and through his attorneys GLASS KRAKOWER LLP, as and for his Complaint, alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action seeking monetary and equitable relief based upon Defendants' violations of: 42 U.S.C. §1983 based on retaliation for First Amendment protected speech and his union activities; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 *et seq.*; and the New York City Human Rights Law ("NYCHRL"), N.Y. Admin Code §§8-107.

2. The conduct complained of in this action involves retaliation, including the issuance of less-than-effective performance evaluations, unwarranted letters to file, a "Developing" Advance Overall Rating for the 2016-17 school year, and classification as a TIP (Teacher in Need of Improvement) teacher, based on retaliatory actions taken against Plaintiff

since, *inter alia,* Plaintiff's reporting of Defendant principal's misconduct and his anti-union animus.

3. Plaintiff further was the victim of a hostile work environment based on sexual harassment by Defendant principal.

4. Plaintiff seeks economic, compensatory and punitive damages to the extent allowable by law, and other appropriate legal and equitable relief pursuant to federal and state law.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331, as this matter involves federal questions.

6. This Court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).

7. This action's venue properly lies in the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1391, because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendant is subject to personal jurisdiction in this District.

**PARTIES**

8. Plaintiff Jason Agosto is a resident of Queens County and the State of New York.

9. At all times relevant herein, Plaintiff was and is a "public employee" of Defendants within the meaning of New York State Civil Service Law § 75-b(1)(b).

10. At all times relevant herein, Defendant New York City Department of Education was a public employer within the meaning of New York State Civil Service Law § 75-b(1)(a).

11. At all times relevant herein, Defendant New York City Department of Education is a city school district established pursuant to Title II, Article-52-A of the New York State Education Law, NY Educ. Law Section 2590 *et seq*.

12. At all times relevant herein, Defendant Manuel Ureña was the principal of the High School of Art and Design, a high school in Manhattan, New York, within the New York City Department of Education.

**STATEMENT OF FACTS**

13. Mr. Agosto is a history teacher within Defendant New York City Department for Education (hereinafter "NYCDOE") since 2000.

14. Since 2004, Mr. Agosto has taught at the High School for Art and Design (hereinafter "the School").

15. Mr. Agosto received tenure as a high school history teacher in or around October 2008.

16. Since the 2008-09 school year, Mr. Agosto served as the school delegate for his union, the United Federal of Teachers (hereinafter "UFT"), at the School.

17. In 2011, Mr. Agosto was elected as UFT Chapter Leader at the School.

18. In or around January 2016, Defendant Manuel Ureña (hereinafter "Ureña") became Principal of the School.

19. Mr. Agosto had no prior disciplinary issues with the School's administration prior to Defendant Ureña's arrival.

20. Shortly after his arrival, Mr. Agosto, as UFT Chapter Leader, became very outspoken against Defendant Ureña's actions and mistreatment of his colleagues.

**First Amendment Associational Anti-Union Animus and Retaliation**

21. Mr. Agosto's first speech on a matter of public concern as UFT Chapter Leader occurred in or around May 2016, when he filed a grievance on behalf of his members against Defendant Ureña for a violation of the UFT-DOE Collective Bargaining Agreement (hereinafter "CBA").

22. Specifically, Mr. Agosto filed a grievance based on Article 7, Section A, Paragraph 6 of the CBA, entitled "Professional Activity Options", but also colloquially referred to as "Circular 6" or "C-6".

23. Circular 6 governs the professional or administrative activities that high school teachers are required to perform on a yearly, weekly, and daily basis. The section provides 16 different activities that teachers can be required to perform.

24. If a school administration wishes to modify these 16 different activities (colloquially and hereinafter referred to as "the menu"), the principal must propose it as a School-Based Option (hereinafter "SBO") to the UFT Chapter Leader of the high school.

25. If the Chapter Leader approves the SBO, it is then put to a vote to the teachers at the school.

26. If a majority of the teachers approve the SBO, the SBO then comes into effect for the upcoming school year.

27. The SBO is only good for one year, so if it is not renewed, the menu automatically reverts to the default.

28. A Circular 6 violation occurs when a principal implements an SBO in violation of the aforementioned voting procedures.

29. According to the CBA, a chapter leader and school principal are supposed to meet on or before April 15 in order to confirm what C-6 activities will be offered to teachers beyond the 16 that are on the menu.

30. In practice, this meeting is supposed to take place after the UFT Chapter Leader and principal have had initial discussions and after the Chapter Leader has conferred with the chapter committee.

31. During the 2015-16 school year, Mr. Agosto did not meet with Defendant Ureña, until May 2, 2016. The reason this meeting occurred after April 15 is because in prior years the school administration had never relied upon April 15 as the hard deadline and instead had engaged in on-going collaboration with the Chapter Leaders.

32. However, when Mr. Agosto met with Defendant Ureña on May 2, 2016, Defendant Ureña presented a proposed SBO to him.

33. In response, Mr. Agosto informed Defendant Ureña that he would need to consult with the chapter committee in order to discuss the proposed SBO. Defendant Ureña agreed and said that he and Mr. Agosto would meet after Mr. Agosto had met with the chapter committee.

34. Unfortunately, Defendant Ureña did not stand true to his word and issued a menu on May 12, 2016, that reflected an SBO without following the procedures.

35. As a result, Mr. Agosto filed a grievance as UFT Chapter Leader on or about May 13, 2016.

36. On or about May 20, 2016, Mr. Agosto met with Defendant Ureña for a Step 1 Grievance Hearing. Defendant Ureña denied the grievance.

37. On May 27, 2016, Mr. Agosto submitted a grievance on behalf of the teachers at the School requesting access to a number of fiscal-related documents for the years 2011-2014. The grievance was denied by Defendant Ureña.

38. In retaliation for filing these grievances, Principal Ureña and his administration began issuing Mr. Agosto letters to file and negative performance evaluations. Specifically, Mr. Agosto received:

a. An unwarranted disciplinary letter issued on May 27, 2016;

b. A less than effective performance review on May 31, 2016;

c. A second unwarranted letter issued on June 10, 2016.

39. Additionally, Mr. Agosto received a "Developing" Advance Overall Rating for 2015-16, and was placed on a Teacher Improvement Plan (hereinafter "TIP") for the 2016-17 school year.

40. On June 28, 2016, Mr. Agosto's Step II Grievance Hearing took place. The grievance was denied by a representative of the Chancellor of the NYCDOE.

41. In denying the Step II Grievance, the Chancellor's Representative improperly focused on whether the chapter committee should have been consulted, which was not the issue.

42. After the 2015-16 school year, Defendant Ureña implemented the SBO without ratification by the teachers.

**Continued Retaliation During The 2016-17 School Year**

43. Defendant Ureña continued to retaliate against and harass Mr. Agosto during the 2016-17 school year

44. Because of his "Developing" Advance Overall Rating, Mr. Agosto was compelled to meet with Defendant Ureña for TIP meetings in September 2016.

45. Initially, Mr. Agosto attended these meetings with his colleague, Lorraine Liriano.

46. During these meetings, Defendant Ureña would consistently take an aggressive and abusive tone with Mr. Agosto.

47. In mid-October 2016, during a TIP meeting, Defendant Ureña became exceptionally aggressive towards Mr. Agosto. Realizing that Ms. Liriano could serve as a witness to corroborate his aggression towards Mr. Agosto, following the mid-October 2016 TIP meeting, Defendant Ureña directed Mr. Agosto to attend the TIP meetings separately from Ms. Liriano.

48. Defendant Ureña also continuously issued Mr. Agosto negative performance evaluations during the 2016-17 school year in retaliation for his protected activity and later in retaliation for Mr. Agosto claiming that Defendant Ureña sexually harassed him. Specifically, Mr. Agosto received:

a. A less than effective performance review on October 14, 2016;

b. A less than effective performance review on December 12, 2016;

c. A less than effective performance review on March 17, 2017;

d. A less than effective performance review on April 21, 2017.

49. In response to Defendant Ureña's retaliatory behavior, Mr. Agosto filed an Article 23 special harassment complaint against Defendant Ureña on or about December 19, 2016, with Alice O'Neil, UFT Manhattan High School District Representative.

**Hostile Work Environment Due to Sexual Harassment**

50. As the 2016-17 school year progressed, Defendant Ureña became progressively more aggressive towards Mr. Agosto during the TIP meetings.

51. On January 20, 2017, during a mandated weekly TIP meeting, Defendant Ureña became extremely livid and aggressive towards Mr. Agosto.

52. In response to Mr. Ureña's aggressive behavior, Mr. Agosto told Defendant Ureña that he was uncomfortable with the way he was being treated.

53. Rather than cease his aggressive behavior, Defendant Ureña proceeded to pick up a lollipop from his conference table and offer it to Mr. Agosto in an attempt to emasculate and humiliate Mr. Agosto.

54. Mr. Agosto, in response, asked Defendant Ureña to please not offer him candy.

55. Defendant Ureña then proceeded to unwrap the lollipop and make sexual sucking gestures with the lollipop, while staring at Mr. Agosto in a manner that made Mr. Agosto extremely uncomfortable.

56. Aghast at Mr. Ureña's behavior, Mr. Agosto recoiled away from Defendant Ureña and told him that he was acting extremely unprofessionally.

57. Defendant Ureña then called in his secretary, Darlene Hart, and asked her to make a written statement documenting that Defendant Ureña had offered Mr. Agosto a lollipop and Mr. Agosto had acted in an erratic fashion in his reaction to Defendant Ureña's offer.

58. Ms. Hart then remained for the remainder of the TIP meeting.

59. Mr. Agosto reported Defendant Ureña's unwanted sexual behavior to UFT District Representative Alice O'Neal shortly after it occurred.

60. On or about March 16, 2017, Mr. Agosto filed a complaint of discrimination with the Equal Employment Opportunity Commission based on sexual harassment.

**Retaliation During Remainder of the 2016-17 School Year**

61. On or about January 25, 2017, Mr. Agosto complained to Sari Perez, the School's Assistant Principal of Organization (hereinafter "APO"), that students were working in the faculty waiting room while teachers were waiting to proctor the Regents Examination. Mr. Agosto felt

this was improper because the students were supposed to be separated from Regents Examination proctors prior to the examination and the teachers were finalizing their grades of their students.

62. Shortly thereafter, also on or about January 25, 2017, Defendant Ureña stormed into Mr. Agosto's classroom in the presence of teachers George Zicopolous and Betina Marks. Defendant Ureña proceeded to belligerently scream at Mr. Agosto, stating that Mr. Agosto cannot tell the APO what to do and only he, as principal, can issue such directives. Defendant Ureña's conduct made Mr. Zicopolous and Ms. Marks so uncomfortable that Ms. Marks left the classroom and Mr. Zicopolous stood and tried to mediate the conversation.

63. On January 31, 2017, Mr. Agosto reported improper behavior by Defendant Ureña and the administration to the offices of the Chancellor, the UFT, and the Special Commissioner of Investigation. Specifically, in December 2016, Assistant Principal Joan Weaver met with a probationary teacher and informed the teacher that she had been directed by Defendant Ureña to gather information about which teachers are active participants in union activity. Ms. Weaver purportedly sought to extract information from this probationary teacher.

64. On February 3, 2017, during another TIP meeting with Defendant Ureña, Mr. Agosto informed Defendant Ureña that he considered Defendant Ureña's conduct at the January 20, 2017 TIP meeting in which he offered Mr. Agosto a lollipop to be sexual harassment.

65. In response, Defendant Ureña reassigned Mr. Agosto to meet with AP Lyn Rosales for his TIP meetings.

66. In or around March and April 2017, Mr. Agosto filed three Improper Practice Charges with the New York State Public Employment Relations Board (hereinafter "PERB") regarding Defendant Ureña's retaliatory conduct towards him and as Chapter Leader regarding Defendant Ureña's violation of the CBA generally towards the teachers of the School.

67. On May 8, 2017, Dwayne Clark, the UFT Manhattan Borough Representative, issued Mr. Agosto a letter indicating that his Article 23 complaint was approved for a Step 1 grievance.

68. On May 18, 2017, the investigation pursuant to the Article 23 complaint took place at the School. UFT Special Representative Don Albright and Chancellor Representative Alan Lichtenstein conducted the investigation. As part of the investigation, many teachers and administrators were interviewed.

69. As a resolution to the Article 23 complaint, Mr. Agosto requested that Defendant Ureña be prohibited from observing and rating him.

70. On June 22, 2017, UFT Special Representative Don Albright informed Mr. Agosto via email that his Article 23 was moving to the Second Step.

71. In retaliation, Principal Ureña issued Mr. Agosto a frivolous disciplinary letter dated June 27, 2017.

72. Plaintiff ultimately received a "Developing" Measures of Teacher Performance (hereinafter "MOTP") for the 2016-17 school year.

73. Fortunately, Mr. Agosto received an "Effective" for his Measures of Student Learning ("MOSL)", thus resulting in him receiving an "Effective" Advance Overall Rating for the 2016-17 school year.

74. As a result, Mr. Agosto was no longer considered a TIP teacher for the 2017-18 school year.

**Continued Retaliation During the 2017-18 School Year**

75. On September 4, 2017, the day before the new school year began, Defendant Ureña emailed Mr. Agosto stating that due to the "false accusations" made by Mr. Agosto,

Defendant Ureña, going forward, would require his APs to be present during the consultation committee meetings with Mr. Agosto and teachers.

76. Notably, pursuant to the CBA, a principal is prohibited from bringing administrators to consultation committee meetings unless the committee agrees to allow it.

77. Mr. Agosto informed Defendant Ureña that his mandate violated the CBA.

78. Despite Mr. Agosto's objection, Defendant Ureña brought his APs to the first consultation committee meeting on or about September 28, 2017.

79. In response, Mr. Agosto and the teachers informed Defendant Ureña that he was violating the CBA and walked out of the meeting.

80. Continuing his pattern of retaliation against Mr. Agosto, Defendant Ureña observed Mr. Agosto on or about October 5, 2017. During the post-observation conference on October 13, 2017, Defendant Ureña informed Mr. Agosto that he would be receiving a less than effective observation report.

81. Defendant Ureña also issued Mr. Agosto an unwarranted letter to file on October 23, 2017.

82. To date, Defendant Ureña has failed to cease his hostile, retaliatory, and harassing conduct towards Mr. Agosto.

83. Mr. Agosto continues to teach under Defendant Ureña's administration.

84. Mr. Agosto received a Notice of Right to Sue letter from the Equal Employment Opportunity Commission dated August 31, 2017. A copy of Mr. Agosto's Notice of Right to Sue letter is annexed hereto as Exhibit A.

## FIRST CLAIM FOR RELIEF

**(Retaliation Pursuant to 42 U.S.C. Section 1983 for First Amendment Protected Speech)**

85. Plaintiff repeats and realleges the allegations set for in the preceding paragraphs, as if fully set herein.

86. While acting under the color of State Law, Defendants violated Plaintiff's First Amendment rights pursuant to 42 U.S.C. Section 1983 rights by retaliating against him for exercising his freedom of speech as a citizen with regard to raising questions as the School's union Chapter Leader about the violation of the United Federation of Teacher's Collective Bargaining Agreement. As a result, Plaintiff was subjected to a retaliatory hostile work environment, including the issuance of less-than-effective performance evaluations, unwarranted letters to file, a "Developing" Advance Overall Rating, and classification as a TIP teacher.

87. As a proximate result of Defendants' retaliatory actions against Plaintiff, Plaintiff suffers and continue to suffer humiliation, severe emotional distress, mental and physical anguish and suffering, physical consequences of severe emotional distress and damage to his professional reputation, in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF

**(Retaliation Against Plaintiff for Exercising Freedom of Association In Violation of Plaintiff's First Amendment Rights)**

88. Plaintiff repeats and realleges the allegations set for in the preceding paragraphs, as if fully set herein.

89. While acting under the color of State Law, Defendants violated Plaintiff's 42 U.S.C. Section 1983 rights of association and participating in a union under the First Amendment by retaliating against him for exercising his freedom of speech as a citizen with regard to raising questions as the School's union Chapter Leader about the violation of the United Federation of

Teacher's Collective Bargaining Agreement. As a result, Plaintiff was subjected to a retaliatory hostile work environment, including the issuance of less-than-effective performance evaluations, unwarranted letters to file, a "Developing" Advance Overall Rating, and classification as a TIP teacher.

90. As a proximate result of Defendants' retaliatory actions against Plaintiff, Plaintiff suffers and continue to suffer humiliation, severe emotional distress, mental and physical anguish and suffering, physical consequences of severe emotional distress and damage to his professional reputation, in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF

**(Against Defendant NYCDOE for Violation of Title VII – Hostile Work Environment Based on Sexual Harassment)**

91. Plaintiff repeats and realleges the allegations set for in the preceding paragraphs, as if fully set herein.

92. Defendant Ureña engaged in unwanted sexual harassment of Plaintiff on or about January 20, 2017.

93. After Plaintiff reported Defendant Ureña's conduct to the Equal Employment Opportunity Commission, Defendant NYCDOE failed to take appropriate remedial action, including the removal of Defendant Ureña from the School.

94. Defendant NYCDOE's failure to adequately address Defendant Ureña's sexual harassment has created a severe and humiliating hostile work environment.

95. Defendant Ureña's offensive, severe and humiliating actions—and Defendant NYCDOE's failure to address Defendant Ureña's actions—have caused Plaintiff to feel anxiety,

depression, lowered self-esteem, self-worth, and self-confidence, and other forms of emotional distress.

96. Defendant Ureña's offensive, severe and humiliating actions—and Defendant NYCDOE's failure to address Defendant Ureña's actions—have affected Plaintiff's work performance.

97. Plaintiff has suffered irreparable injury and damages for mental anguish and humiliation as a result of the conduct complained of herein.

**FOURTH CLAIM FOR RELIEF**

**(Against Defendant NYCDOE for Violation of Title VII – Retaliation)**

98. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

99. After reporting Defendant Ureña's actions to the Equal Employment Opportunity Commission, and after expressing his desire that Defendant NYCDOE address Defendant Ureña's conduct, Defendant NYCDOE retaliated against Plaintiff in the form of issuance of less-than-effective performance evaluations, unwarranted letters to file, as well as a hostile work environment based on the continued harassment by Defendant Ureña.

100. As a proximate result of Defendant NYCDOE's retaliatory actions against Plaintiff, Plaintiff suffers and continue to suffer humiliation, severe emotional distress, mental and physical anguish and suffering, physical consequences of severe emotional distress and damage to his professional reputation, in an amount to be determined at trial.

**FIFTH CLAIM FOR RELIEF**

**(Claims against all Defendants for Violation of NYSHRL – Hostile Work Environment)**

101. Plaintiff repeats and realleges the allegations set for in the preceding paragraphs, as if fully set herein.

102. Defendant Ureña engaged in unwanted sexual harassment of Plaintiff on or about January 20, 2017.

103. After Plaintiff reported Defendant Ureña's conduct to the U.S. Equal Employment Opportunity Commission, Defendants failed to take appropriate remedial action, including the removal of Defendant Ureña from the School.

104. Defendants' failure to adequately address Defendant Ureña's sexual harassment has created a severe and humiliating hostile work environment.

105. Defendant Ureña's offensive, severe and humiliating actions—and Defendants' failure to address Defendant Ureña's actions—have caused Plaintiff to feel anxiety, depression, lowered self-esteem, self-worth, and self-confidence, and other forms of emotional distress.

106. Defendant Ureña's offensive, severe and humiliating actions—and Defendant NYCDOE's failure to address Defendant Ureña's actions—have affected Plaintiff's work performance.

107. Plaintiff has suffered irreparable injury and damages for mental anguish and humiliation as a result of the conduct complained of herein.

**SIXTH CLAIM FOR RELIEF**

**(Individual Claims against all Defendants for Violation of NYSHRL – Retaliation)**

108. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

109. After reporting Defendant Ureña's actions to the U.S. Equal Employment Opportunity Commission, and after expressing his desire that Defendant NYCDOE address Defendant Ureña's conduct, Defendants retaliated against Plaintiff in form of issuance of less-than-effective

performance evaluations, unwarranted letters to file, as well as a hostile work environment based on the continued harassment by Defendant Ureña.

110. As a proximate result of Defendants' retaliatory actions against Plaintiff, Plaintiff suffers and continue to suffer humiliation, severe emotional distress, mental and physical anguish and suffering, physical consequences of severe emotional distress and damage to his professional reputation, in an amount to be determined at trial.

**SEVENTH CLAIM FOR RELIEF**

**(Claims against all Defendants for Violation of NYCHRL – Hostile Work Environment)**

111. Plaintiff repeats and realleges the allegations set for in the preceding paragraphs, as if fully set herein.

112. Defendant Ureña engaged in unwanted sexual harassment of Plaintiff on or about January 20, 2017.

113. After Plaintiff reported Defendant Ureña's conduct to the U.S. Equal Employment Opportunity Commission, Defendants failed to take appropriate remedial action, including the removal of Defendant Ureña from the School.

114. Defendants' failure to adequately address Defendant Ureña's sexual harassment has created a severe and humiliating hostile work environment.

115. Defendant Ureña's offensive, severe and humiliating actions—and Defendants' failure to address Defendant Ureña's actions—have caused Plaintiff to feel anxiety, depression, lowered self-esteem, self-worth, and self-confidence, and other forms of emotional distress.

116. Defendant Ureña's offensive, severe and humiliating actions—and Defendants' failure to address Defendant Ureña's actions—have affected Plaintiff's work performance.

117. Plaintiff has suffered irreparable injury and damages for mental anguish and humiliation as a result of the conduct complained of herein.

**EIGHTH CLAIM FOR RELIEF**

**(Individual Claims against all Defendants for Violation of NYCHRL – Retaliation)**

118. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

119. After reporting Defendant Ureña's actions to the U.S. Equal Employment Opportunity Commission, and after expressing his desire that Defendants address Defendant Ureña's conduct, Defendants retaliated against Plaintiff in form of issuance of less-than-effective performance evaluations, unwarranted letters to file, as well as a hostile work environment based on the continued harassment by Defendant Ureña.

120. As a proximate result of Defendants' retaliatory actions against Plaintiff, Plaintiff suffers and continue to suffer humiliation, severe emotional distress, mental and physical anguish and suffering, physical consequences of severe emotional distress and damage to his professional reputation, in an amount to be determined at trial.

**JURY DEMAND**

121. Plaintiff demands a trial by jury.

**PRAYER/DEMAND FOR RELIEF**

WHEREFORE, Plaintiff demands judgment in his favor against Defendants as follows:

On Plaintiff's First Claim for Relief - Retaliation against Plaintiff for exercising freedom of speech in violation of Plaintiff's' First Amendment rights pursuant to 42 U.S.C. Section 1983, damages in the amount to be determined at trial;

On Plaintiff's Second Claim for Relief – Retaliation in violation of Plaintiff's' First Amendment Right of Freedom of Association pursuant to 42 U.S.C. Section 1983, damages in an amount to be determined at trial;

On Plaintiff's Third Claim for Relief – Hostile Work Environment in violation of Title VII, damages in an amount to be determined at trial;

On Plaintiff's Fourth Claim for Relief – Retaliation in violation of Title VII, damages in an amount to be determined at trial;

On Plaintiff's Fifth Claim for Relief – Hostile Work Environment in violation of the NYSHRL, damages in an amount to be determined at trial;

On Plaintiff's Sixth Claim for Relief – Retaliation in violation of the NYSHRL, damages in an amount to be determined at trial;

On Plaintiff's Seventh Claim for Relief – Hostile Work Environment in violation of the NYCHRL, damages in an amount to be determined at trial;

On Plaintiff's Eighth Claim for Relief – Retaliation in violation of the NYSHRL, damages in an amount to be determined at trial;

On all Claims of Relief:

Judgment declaring that Defendants' acts violated Plaintiff's rights as secured by federal and state law prohibiting retaliation in employment;

Enjoining Defendants from any further acts adversely affecting the terms and conditions of employment including compensation and privileges;

Ordering that any negative evaluations and letters to file be rescinded and declared null and void and removed from Plaintiff's Personnel File;

Compensatory damages to compensate Plaintiff for economic loss, damage to name, profession, career and reputation, pain and suffering, emotional distress and mental anguish, embarrassment, indignity in an amount to be determined at trial;

Punitive damages against all of the Defendants (to the extent allowable by law);

Attorneys' fees, interest, costs and disbursements; and

For such other and further legal, equitable or other relief the court deems just and proper.

DATED: New York, New York
November 20, 2017

GLASS KRAKOWER LLP
100 Church Street, Suite 800
New York, NY 10007
(212) 537-6859

By: /s: *Bryan D. Glass*
BRYAN D. GLASS, Esq.