UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

Jason Agosto,

                                  Plaintiff,

               -against-                      **ANSWER**

New York City Department of Education and Manuel     No. 17 Civ. 9066 (AKH)(SN)
Ureña, Principal of the High School of Art and Design,

                                  Defendants.

------------------------------------------------------------------------ x

Defendants New York City Department of Education ("DOE") and Manuel Ureña New York City Department of Homeless Services, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, as and for its Answer to the Complaint, filed on November 20, 2017 ("Complaint"), respectfully allege as follows:

       1.      Deny the allegations set forth in paragraph "1" of the Complaint, except admit that Plaintiff purports to proceed as stated therein.

       2.      Deny the allegations set forth in paragraph "2" of the Complaint.

       3.      Deny the allegations set forth in paragraph "3" of the Complaint.

       4.      Deny the allegations set forth in paragraph "4" of the Complaint, except admit that Plaintiff purports to proceed as stated therein.

       5.      Deny the allegations set forth in paragraph "5" of the Complaint, except admit that Plaintiff purports to invoke the jurisdiction of the Court as stated therein.

       6.      Deny the allegations set forth in paragraph "6" of the Complaint, except admit that Plaintiff purports to invoke the jurisdiction of the Court as stated therein.

7. Deny the allegations set forth in paragraph "7" of the Complaint, except admit Plaintiff purports to invoke the venue of the Court as stated therein.

8. Deny the allegations set forth in paragraph "8" of the Complaint, except admit Plaintiff purports to be a resident of Queens County and the State of New York.

9. Deny the allegations set forth in paragraph "9" of the Complaint, and respectfully refer the Court to N.Y. CIV. SERV. LAW § 75-b(1)(b) for a complete and accurate statement of its contents.

10. Deny the allegations set forth in paragraph "10" of the Complaint, and respectfully refer the Court to N.Y. CIV. SERV. LAW § 75-b(1)(a) for a complete and accurate statement of its contents.

11. Deny the allegations set forth in paragraph "11" of the Complaint, and respectfully refer the Court to N.Y. EDUC. LAW § 2590 *et seq.* for a complete and accurate statement of its contents.

12. Deny the allegations set forth in paragraph "12" of the Complaint, except admit that Defendant Ureña has been the Principal of the High School of Art and Design, a DOE high school located in Manhattan, since January 2016.

13. Deny the allegations set forth in paragraph "13" of the Complaint, except admit that Plaintiff began teaching with the DOE in 2000.

14. Deny the allegations set forth in paragraph "14" of the Complaint, except admit that Plaintiff has been teaching at the High School for Art and Design since 2004.

15. Deny the allegations set forth in paragraph "15" of the Complaint, except admit that Plaintiff became tenured in October 2008.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18. Admit the allegations set forth in paragraph "18" of the Complaint.

19. Deny the allegations set forth in paragraph "19" of the Complaint.

20. Deny the allegations set forth in paragraph "20" of the Complaint.

21. Deny the allegations set forth in paragraph "21" of the Complaint, except admit that Plaintiff filed a grievance in May 2016.

22. Deny the allegations set forth in paragraph "22" of the Complaint, except admit that Plaintiff filed a grievance in May 2016 concerning Article 7, Section 6 of the Collective Bargaining Agreement ("CBA").

23. Deny the allegations set forth in paragraph "23" of the Complaint, and respectfully refer the Court to the CBA for a complete and accurate statement of its contents.

24. Deny the allegations set forth in paragraph "24" of the Complaint.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint, and respectfully refer the Court to the CBA for a complete and accurate statement of its contents.

29. Deny the allegations set forth in paragraph "29" of the Complaint, and respectfully refer the Court to the CBA for a complete and accurate statement of its contents.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. Deny the allegations set forth in paragraph "35" of the Complaint, except admit Plaintiff filed a grievance in May 2016.

36. Deny the allegations set forth in paragraph "36" of the Complaint, except admit that Plaintiff and Defendant Ureña met on May 20th for a Step 1 Grievance Hearing and that Defendant Ureña denied the grievance.

37. Deny the allegations set forth in paragraph "37" of the Complaint, except admit that Plaintiff filed a grievance in May 2016 and that Defendant Ureña denied the grievance.

38. Deny the allegations set forth in paragraph "38" of the Complaint, except admit that Plaintiff received letters to file on May 27 and June 10, 2016, and that Plaintiff was given an informal observation on May 31, 2016.

39. Deny the allegations set forth in paragraph "39" of the Complaint, except admit Plaintiff received a "Developing" Advance Overall Rating for the 2015-16 school year and that Plaintiff was placed on a Teacher Improvement Plan for the 2016-17 school year.

40. Deny the allegations set forth in paragraph "40" of the Complaint, except admit Plaintiff's grievance was denied at Step II on June 28, 2016 by a representative of the Chancellor of the DOE.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. Deny the allegations set forth in paragraph "44" of the Complaint, except admit that Plaintiff and Defendant Ureña met as part of Plaintiff's Teacher Improvement Plan during September 2016.

45. Deny the allegations set forth in paragraph "45" of the Complaint, except admit that Defendant Ureña met with Plaintiff and Lorraine Liriano met to discuss their Teacher Improvement Plans.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

47. Deny the allegations set forth in paragraph "47" of the Complaint, except admit that Ms. Liriano began meeting separately with Defendant Ureña for her Teaching Improvement Plan meeting.

48. Deny the allegations set forth in paragraph "48" of the Complaint, except admit that Plaintiff received classroom observations on October 14, 2016, December 12, 2016, March 17, 2017, and April 21, 2017.

49. Deny the allegations set forth in paragraph "49" of the Complaint, except admit Plaintiff filed an Article 23 Special Complaint in December 2016.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. Deny the allegations set forth in paragraph "51" of the Complaint.

52. Deny the allegations set forth in paragraph "52" of the Complaint.

53. Deny the allegations set forth in paragraph "53" of the Complaint, except admit that Defendant Ureña offered Plaintiff a lollipop.

54. Deny the allegations set forth in paragraph "54" of the Complaint.

55. Deny the allegations set forth in paragraph "55" of the Complaint, except admit Defendant Ureña consumed a lollipop.

56. Deny the allegations set forth in paragraph "56" of the Complaint.

57. Deny the allegations set forth in paragraph "57" of the Complaint, except admit that Darlene Hart joined Plaintiff and Defendant Ureña and took notes for the remainder of the meeting.

58. Deny the allegations set forth in paragraph "58" of the Complaint, except admit that Darlene Hart joined Plaintiff and Defendant Ureña and took notes for the remainder of the meeting.

59. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the Complaint.

60. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60" of the Complaint.

61. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the Complaint.

62. Deny the allegations set forth in paragraph "62' of the Complaint.

63. Deny the allegations set forth in paragraph "63" of the Complaint.

64. Deny the allegations set forth in paragraph "64" of the Complaint.

65. Deny the allegations set forth in paragraph "65" of the Complaint, except admit that Plaintiff began meeting with Assistant Principal Lynn Rosales for his Teacher Improvement Plan meetings.

66. Deny the allegations set forth in paragraph "66" of the Complaint, except admit Plaintiff filed three Charges with the Public Employment Relations Board.

67. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "67" of the Complaint.

68. Deny the allegations set forth in paragraph "68" of the Complaint.

69. Deny the allegations set forth in paragraph "69" of the Complaint, except admit that Plaintiff requested that Defendant Ureña no longer supervise him.

70. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "70" of the Complaint.

71. Deny the allegations set forth in paragraph "71" of the Complaint, except admit that Plaintiff received a letter to file, dated June 27, 2017.

72. Deny the allegations set forth in paragraph "72" of the Complaint, except admit that Plaintiff received a "Developing" rating for his Measure of Teacher Performance for the 2016-17 school year.

73. Deny the allegations set forth in paragraph "73" of the Complaint, except admit that Plaintiff received an "Effective" rating for his Advance Overall Rating for the 2016-17 school year.

74. Deny the allegations set forth in paragraph "74" of the Complaint, except admit that Plaintiff was not required to create a Teacher Improvement Plan for the 2017-18 school year.

75. Deny the allegations set forth in paragraph "75" of the Complaint, except admit that Defendant Ureña informed Plaintiff that the school's Assistant Principals would be present at consolation meetings with the school's union leaders.

76. Deny the allegations set forth in paragraph "76" of the Complaint.

77. Deny the allegations set forth in paragraph "77" of the Complaint.

78. Deny the allegations set forth in paragraph "78" of the Complaint, except admit that Defendant Ureña invited the school's Assistant Principals to attend the committee meetings.

79. Admit the allegations set forth in paragraph "79" of the Complaint.

80. Deny the allegations set forth in paragraph "80" of the Complaint.

81. Deny the allegations set forth in paragraph "81" of the Complaint, except admit that Plaintiff received a letter to file, dated October 23, 2017.

82. Deny the allegations set forth in paragraph "82" of the Complaint.

83. Admit the allegations set forth in paragraph "83" of the Complaint.

84. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "84" of the Complaint.

85. In response to the allegations set forth in paragraph "85" of the Complaint, Defendants repeat and reallege the responses set forth in paragraphs "1" through "84" inclusive of its Answer, as if fully set forth herein.

86. Deny the allegations set forth in paragraph "86" of the Complaint.

87. Deny the allegations set forth in paragraph "87" of the Complaint.

88. In response to the allegations set forth in paragraph "88" of the Complaint, Defendants repeat and reallege the responses set forth in paragraphs "1" through "87" inclusive of its Answer, as if fully set forth herein.

89. Deny the allegations set forth in paragraph "89" of the Complaint.

90. Deny the allegations set forth in paragraph "90" of the Complaint.

91. In response to the allegations set forth in paragraph "91" of the Complaint, Defendants repeat and reallege the responses set forth in paragraphs "1" through "90" inclusive of its Answer, as if fully set forth herein.

92. Deny the allegations set forth in paragraph "92" of the Complaint.

93. Deny the allegations set forth in paragraph "93" of the Complaint.

94. Deny the allegations set forth in paragraph "94" of the Complaint.

95. Deny the allegations set forth in paragraph "95" of the Complaint.

96. Deny the allegations set forth in paragraph "96" of the Complaint.

97. Deny the allegations set forth in paragraph "97" of the Complaint.

98. In response to the allegations set forth in paragraph "98" of the Complaint, Defendants repeat and reallege the responses set forth in paragraphs "1" through "97" inclusive of its Answer, as if fully set forth herein.

99. Deny the allegations set forth in paragraph "99" of the Complaint.

100. Deny the allegations set forth in paragraph "100" of the Complaint.

101. In response to the allegations set forth in paragraph "101" of the Complaint, Defendants repeat and reallege the responses set forth in paragraphs "1" through "100" inclusive of its Answer, as if fully set forth herein.

102. Deny the allegations set forth in paragraph "102" of the Complaint.

103. Deny the allegations set forth in paragraph "103" of the Complaint.

104. Deny the allegations set forth in paragraph "104" of the Complaint.

105. Deny the allegations set forth in paragraph "105" of the Complaint.

106. Deny the allegations set forth in paragraph "106" of the Complaint.

107. Deny the allegations set forth in paragraph "107" of the Complaint.

108. In response to the allegations set forth in paragraph "108" of the Complaint, Defendants repeat and reallege the responses set forth in paragraphs "1" through "107" inclusive of its Answer, as if fully set forth herein.

109. Deny the allegations set forth in paragraph "109" of the Complaint.

110. Deny the allegations set forth in paragraph "110" of the Complaint.

111. In response to the allegations set forth in paragraph "111" of the Complaint, Defendants repeat and reallege the responses set forth in paragraphs "1" through "110" inclusive of its Answer, as if fully set forth herein.

112. Deny the allegations set forth in paragraph "112" of the Complaint.

113. Deny the allegations set forth in paragraph "113" of the Complaint.

114. Deny the allegations set forth in paragraph "114" of the Complaint.

115. Deny the allegations set forth in paragraph "115" of the Complaint.

116. Deny the allegations set forth in paragraph "116" of the Complaint.

117. Deny the allegations set forth in paragraph "117" of the Complaint.

118. In response to the allegations set forth in paragraph "118" of the Complaint, Defendants repeat and reallege the responses set forth in paragraphs "1" through "117" inclusive of its Answer, as if fully set forth herein.

119. Deny the allegations set forth in paragraph "119" of the Complaint.

120. Deny the allegations set forth in paragraph "120" of the Complaint.

121. Deny the allegation set forth in paragraph "121" of the Complaint, except admit that Plaintiff purports to proceed as stated therein.

**AS AND FOR A FIRST DEFENSE, DEFENDANTS RESPECTFULLY ALLEGES:**

122. The Complaint fails to state a claim upon which relief can be granted in whole or in part.

**AS AND FOR A SECOND DEFENSE, DEFENDANTS RESPECTFULLY ALLEGES:**

123. The Complaint may be barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR A THIRD DEFENSE, DEFENDANTS RESPECTFULLY ALLEGES:**

124. All actions taken by Defendants with respect to Plaintiff were taken in good faith for non-discriminatory and non-retaliatory, legitimate business reasons.

**AS AND FOR A FOURTH DEFENSE, DEFENDANTS RESPECTFULLY ALLEGES:**

125. At all times relevant to the acts alleged in the Complaint, Defendants' actions were reasonable, proper, lawful, constitutional, made in good faith, and without malice.

**AS AND FOR A FIFTH DEFENSE, DEFENDANTS RESPECTFULLY ALLEGES:**

126. Defendants has not violated any rights, privileges or immunities of the Plaintiff under the Constitution or laws of the United States, the State of New York, or any political subdivisions thereof.

**AS AND FOR A SIXTH DEFENSE, DEFENDANTS RESPECTFULLY ALLEGES:**

127. Any damages sustained by Plaintiff were caused by Plaintiff's own negligent or otherwise culpable conduct.

**AS AND FOR A SEVENTH DEFENSE, DEFENDANTS RESPECTFULLY ALLEGES:**

128. The Complaint's request for punitive damages is barred as to Defendants because punitive damages are not available against a government or a governmental subdivision.

**AS AND FOR AN EIGHTH DEFENSE, DEFENDANTS RESPECTFULLY ALLEGES:**

129. Subject to proof of discovery, Plaintiff has failed to mitigate his damages, if any.

**AS AND FOR A NINTH DEFENSE, DEFENDANTS RESPECTFULLY ALLEGES:**

130. The Court lacks subject matter jurisdiction over any claims contained in the Complaint that were not also contained in the Plaintiff's charge of discrimination filed with the EEOC.

**AS AND FOR AN TENTH DEFENSE, DEFENDANTS RESPECTFULLY ALLEGES:**

131. Any of plaintiff's Title VII claims in the Complaint which accrued more than 300 days prior to Plaintiff's filing of his charge of discrimination with the EEOC are time-barred.

**WHEREFORE**, Defendants respectfully request that this Court enter an order dismissing the Complaint and denying all relief requested therein, together with such other and further relief as the Court deems to be just and proper.

Dated: New York, New York
January 26, 2018

        **ZACHARY W. CARTER**
        Corporation Counsel of the
         City of New York
        Attorney for Defendants
        100 Church Street, Room 2-102
        New York, New York 10007
        (212) 356-2465
        Rmangum@law.nyc.gov

By: /s *Ryan T. Mangum*
     Ryan T. Mangum
     Assistant Corporation Counsel

To: Bryan D. Glass, Esq.
     GLASS KRAKOWER LLP
     Attorney for Plaintiff
     100 Church Street, Suite 800
     New York, New York 10007
     (212) 537-6859
     (By ECF)