No.  17 CV 9066 (AKH) (SN)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASON AGOSTO,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION
and MANUEL UREÑA, Principal of the High School of
Art and Design,

Defendants.

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for City Defendants*
*100 Church Street, Room 2-169*
*New York, New York  10007*

*Of Counsel:  Nicholas Green*
*Tel.:  (212) 356-2445*
*Matter No.:  2017-066889*

Bruce Rosenbaum,
Nicholas Green,
     Of Counsel.

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF FACTS ...................................................................................................... 1

ARGUMENT ........................................................................................................................ 2

    POINT I ........................................................................................................................ 2

            PLAINTIFF FAILS TO ADDRESS
            DEFENDANTS' CONTENTION THAT
            PLAINTIFF'S CLAIMS PURSUANT TO THE
            NYSHRL AND NYCHRL AGAINST
            DEFENDANT BOE MUST BE DISMISSED DUE
            TO HIS FAILURE TO FILE A NOTICE OF
            CLAIM AND THAT PLAINTIFF'S CLAIMS
            PURSUANT TO THE NYSHRL AND THE
            NYCHRL AGAINST DEFENDANT BOE ARE
            TIME-BARRED IN PART;  ACCORDINGLY,
            THOSE CLAIMS SHOULD BE DISMISSED AS
            ABANDONED. ................................................................................. 2

    POINT II ....................................................................................................................... 2

        Plaintiff's First Amendment Retaliation Claim Must
        Fail ............................................................................................................. 2

        A.   Plaintiff Has Failed To Establish That He
              Engaged In Protected Activity, Or That An
              Actionable Adverse Action Was Taken Against
              Plaintiff That Was Causally Connected To Any
              Alleged Protected Activity ................................................. 3

        B.   Defendants Would Have Issued Plaintiff The
              Same Ratings and Letters to File Regardless of
              Plaintiff's Putative Speech Or Activity ............................... 7

        C.   In The Event That The Court Finds That
              Plaintiff May Have Engaged In Speech
              Protected By The First Amendment, Defendant
              Ureña Is Nonetheless Entitled To Qualified
              Immunity Regarding Plaintiff's First
              Amendment Retaliation Claims ........................................... 9

    POINT III ................................................................................................................... 11

i

Plaintiff cannot demonstrate that the constitutional violations about which he complains resulted from a Municipal Policy or Practice of the BOE; Therefore His 42 U.S.C. § 1983 Claims against the BOE Must Fail ................................................................................................ 11

POINT IV ............................................................................................................................... 13

Plaintiff's Hostile Work Environment Claim Fails ................................. 13

POINT V ................................................................................................................................ 14

Plaintiff's Gender discrimination based Retaliation Claim Fails ............................................................................................ 14

CONCLUSION ..................................................................................................................... 16

# **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

Ashcroft v. al-Kidd,
    563 U.S. 731, 741-742 (2011) ..................................................................10

Burlington N. & Santa Fe Ry. Co. v. White,
    548 U.S. 53, 57 (2006)............................................................................ 14

Cobb v. Pozzi,
    363 F3d 89, 109 (2d Cir 2003)...................................................................6

Dawes v. Walker,
    239 F3d 489, 493 (2d Cir 2001)..................................................................5

Gilligan v. Town of Moreau,
    00-7109, 2000 U.S. App. LEXIS 27198, at *12 (2d Cir. Oct. 25, 2000) ..................8

Gottlieb v. County of Orange,
    84 F.3d 511, 518 (2d Cir. 1996)..................................................................9

Hurdle v Bd. of Educ.,
    113 F. App'x 423, 426 (2d Cir. 2004) ........................................................12

Jackson v. Fed. Express,
    766 F.3d 189, 196 (2d Cir. 2014)................................................................2

Lane v. Franks,
    573 U.S. 228, 245-246 (2014) .................................................................. 10

Lewis v. Cowen,
    165 F.3d 154, 167 (2d Cir. 1999)............................................................. 10

Local 621, S.E.I.U v. City of New York,
    No. 99 Civ. 9025 (LAP), 2002 U.S. Dist. LEXIS 18079, at *45-48 (S.D.N.Y.
    Sep. 26, 2002) ..........................................................................................3

Magnusson v. County of Suffolk
    2016 U.S. Dist. LEXIS 64897, at *38-39 (E.D.N.Y. May 17, 2016, No. 14-CV-
    3449 [SJF][AR]) .................................................................................... 14

Marino v. Chester Union Free Sch. Dist.,
    859 F. Supp. 2d 566, 569-570 (S.D.N.Y. 2012) ........................................ 12

Monell v. Dep't of Social Services,
    436 U.S. 658 (1978) ................................................................................ 11-13

Montero v. City of Yonkers,
    890 F.3d 386, 394 (2d Cir 2018) ................................................................ 10,11

Payson v. Bd. of Educ. of Mount Pleasant Cottage Sch.,
    2017 U.S. Dist. LEXIS 154296, at *58 (S.D.N.Y. Sep. 20, 2017) .................................. 3-4,11

Pekowsky v Yonkers Bd. of Educ.,
    23 F. Supp. 3d 269, 277 (S.D.N.Y. 2014) ...................................................................4

Petrisch v. HSBC Bank USA, Inc.,
    No. 07-CV-3303 (KAM)(JMA), 2013 U.S. Dist. LEXIS 45346, at *40
    (E.D.N.Y. Mar. 28, 2013) ...................................................................................14

Schwartz v. N.Y. State Ins. Fund,
    2012 U.S. Dist. LEXIS 165288, at *13 (S.D.N.Y. Aug. 28, 2012) ..........................................8

Slattery v. Swiss Reins. Am. Corp.,
    248 F.3d 87, 95 (2d Cir. 2001) ......................................................................... 15

Spencer v. City of N.Y.,
    2011 U.S. Dist. LEXIS 81347, at *4 (S.D.N.Y. July 15, 2011) .................................................9

St. Louis v. Praprotnik,
    485 U.S. 112, 126-127 (1988) ...........................................................................12

United Magazine Co. v. Curtis Circulation Co.,
    279 Fed. Appx. 14 (2d Cir. 2008) .........................................................................3

United Mag. Co. v. Murdoch Mags. Distrib.,
    393 F. Supp. 2d 199, 211 (S.D.N.Y. 2005) ...................................................................3

United States v. N.Y. City Dept. of Educ.,
    No. 16-cv-4291 (LAK)(RWL), 2018 U.S. Dist. LEXIS 133828, at *38
    (S.D.N.Y. Aug. 7, 2018) ...................................................................................9

Weintraub v. Bd. of Educ.,
    593 F.3d 196, 203 (2d Cir. 2010) ...................................................................... 11

Wright v. NY City Off-Track Betting Corp.,
    2008 U.S. Dist. LEXIS 22567, at *13 (S.D.N.Y. Mar. 24, 2008) ........................................... 15

Zelnik v. Fashion Inst. of Tech.,
    464 F.3d 217, 226 (2d Cir 2006) .........................................................................5

**Federal Statutes**

Civil Rights Act of 1964 Title VII, 42 U.S.C. §§ 2000e, et seq. ...................................15

42 U.S.C. § 1983...........................................................................................................11

**State Statutes**

New York City Human Rights Law, New York City Administrative Code §§ 8-
    101 et seq ........................................................................................................2,15

New York Educatio Law § 3012-c  ...............................................................................12

New York Educatio Law § 3012-d  ...............................................................................12

New York Educatio Law § 3020-a  ...............................................................................12

New York State Human Rights Law, New York Executive Law §§ 290, et seq. .....................2,15

NY Civil Service Law §§ 200..........................................................................................13

**Rules**

FRE 803(6).....................................................................................................................9

FRE 801(d)(2)..................................................................................................................9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

JASON AGOSTO,

                            Plaintiff,                17 CV 9066 (AKH) (SN)

            -against-

NEW   YORK   CITY   DEPARTMENT   OF
EDUCATION and MANUEL UREÑA, Principal of
the High School of Art and Design,

                          Defendants.
------------------------------------------------------------- x

## REPLY   MEMORANDUM   OF   LAW   IN FURTHER   SUPPORT   OF   DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### PRELIMINARY STATEMENT

         Defendants moved for summary judgment on May 24, 2019 and Plaintiff filed opposition to Defendant's motion on July 15, 2019.  Plaintiff's now reply to Plaintiff's Opposition and counterstatement, as Plaintiff has failed to establish facts necessary to survive Defendants' motion for summary judgment.

### STATEMENT OF FACTS

         The Court is respectfully referred to Defendant's Local Rule 56.1 Statement of Undisputed Material Facts, dated May 24, 2019, ("Def. 56.1"), the Declaration of Assistant Corporation Counsel Nicholas Green, dated November May 24, 2019 ("Green Decl."), and the exhibits annexed thereto, for a statement of pertinent and material facts.

**ARGUMENT**

**POINT I**

**PLAINTIFF FAILS TO ADDRESS DEFENDANTS' CONTENTION THAT PLAINTIFF'S CLAIMS PURSUANT TO THE NYSHRL AND NYCHRL AGAINST DEFENDANT BOE MUST BE DISMISSED DUE TO HIS FAILURE TO FILE A NOTICE OF CLAIM AND THAT PLAINTIFF'S CLAIMS PURSUANT TO THE NYSHRL AND THE NYCHRL AGAINST DEFENDANT BOE ARE TIME-BARRED IN PART; ACCORDINGLY, THOSE CLAIMS SHOULD BE DISMISSED AS ABANDONED.**

First, Plaintiff's Memorandum of Law in Opposition (hereinafter "Plaintiff's Opp") does not address Defendants' contention that: a) Plaintiff's NYSHRL and NYCHRL claims must be dismissed against Defendant BOE due to his failure to file a notice of claim; and b) that all NYSHRL and NYCHRL claims against the BOE based on events that occurred before November 20, 2016 are time-barred. Accordingly, all of the above claims should be deemed abandoned. See, e.g., Jackson v. Fed. Express, 766 F.3d 189, 196 (2d Cir. 2014) ("Generally, but perhaps not always, a partial response reflects a decision by a party's attorney to pursue some claims or defenses and to abandon others. Pleadings often are designed to include all possible claims or defenses, and parties are always free to abandon some of them. . . . Where abandonment by a counseled party is not explicit but such an inference may be fairly drawn from the papers and circumstances viewed as a whole, district courts may conclude that abandonment was intended."). Alternatively, for the reasons set forth in Defendants' MOL in Support, the above-listed claims should be dismissed.

**POINT II**

**PLAINTIFF'S FIRST AMENDMENT RETALIATION CLAIM MUST FAIL**

-2-

**A.    Plaintiff Has Failed To Establish That He Engaged In Protected Activity, Or That An Actionable Adverse Action Was Taken Against Plaintiff That Was Causally Connected To Any Alleged Protected Activity**

With respect to plaintiff's alleged protected activity, the Complaint specifically alleges "Mr. Agosto's first speech on a matter of public concern as UFT Chapter Leader occurred in or around May 2016, when he filed a grievance on behalf of his members against Defendant Ureña for a violation of the UFT-DOE Collective Bargaining Agreement," and further alleges that Plaintiff was retaliated against specifically for filing grievances. See ECF Dkt. No. 1 at ¶¶ 21, 38. In his opposition, Plaintiff now argues "Plaintiff's first acts of protected speech relevant in this matter occurred in February, March and April 2016" and that he was retaliated against for a range of acts. See ECF Dkt. No. 39 at 18. These allegations are nowhere in the Complaint, and Plaintiff should not be allowed to effectively amend his Complaint by relying on them now. Moreover, Plaintiff's claims that he "advocated" for "the role of union members in the governance of the school" and "the right of parents, teachers, and other members of the public, to speak at public meetings" were asserted for the first time in a declaration submitted in response to this motion. See ECF Dkt. No. 39 at 13, see also ECF Dkt. No. 39-3 at ¶¶ 16-18. A "self-serving affidavit that merely reiterates conclusory allegations in affidavit form is insufficient to preclude summary judgment." See United Mag. Co. v. Murdoch Mags. Distrib., 393 F. Supp. 2d 199, 211 (S.D.N.Y. 2005), aff'd sub nom. United Magazine Co. v. Curtis Circulation Co., 279 Fed. Appx. 14 (2d Cir. 2008). Plaintiff's conclusory allegations are not sufficient to defeat a motion for summary judgment.

Plaintiff's grievances center around wages and hours worked by employees, and as a result are not protected speech. See Local 621, S.E.I.U v. City of New York, No. 99 Civ. 9025 (LAP), 2002 U.S. Dist. LEXIS 18079, at *45-48 (S.D.N.Y. Sep. 26, 2002); see also Payson v. Bd. of Educ. of Mount Pleasant Cottage Sch., 2017 U.S. Dist. LEXIS 154296, at *58

(S.D.N.Y. Sep. 20, 2017)(citation omitted).   Even should the Court consider acts beyond Plaintiff's grievances, Plaintiff's speech and association are still not protected.   Although Plaintiff relies on <u>Payson</u> for the general proposition that union advocacy on behalf of others may be protected, the court clarified that while such speech as a union representative was likely made as a private citizen, it may not be on a matter of public concern.  <u>See</u> <u>Payson</u>, 2017 U.S. Dist. LEXIS 154296, at *50-51.   As explained in Defendants' initial memorandum of law in support, plaintiff's purported speech and association with the union did not concern matters of public concern.  See ECF Dkt. No 36 at 5-8.  This case is also distinguishable from <u>Pekowski</u>, relied upon by Plaintiff in his opposition, as Plaintiff here has not alleged speech which was "championing teachers' due process rights."   <u>See</u> <u>Pekowsky v Yonkers Bd. of Educ.</u>, 23 F. Supp. 3d 269, 277 (S.D.N.Y. 2014).   Although Plaintiff analogizes the plaintiff's statements in <u>Pekowsky</u> related to supervision of extracurricular activities, the court heavily relied on the plaintiff "insisting on union representation for teachers," as it noted "(u)nion representation is a matter of importance to the functioning of our education system" in determining that Plaintiff's statements were of public concern.  <u>See</u> <u>Id</u>. at 277.

Plaintiff merely alleges that he represented union members in disciplinary meetings, and vaguely states "I routinely spoke out against Principal Ureña during these meetings, stating that he had to respect the contractually-guaranteed rights of the union members."   <u>See</u> ECF Dkt. No. 39-3, ¶ 16.   Courts have clarified that not "all activities undertaken through a union necessarily become matters of public concern merely by virtue of their collateral connection to the union."   <u>See</u> <u>Payson</u>, 2017 U.S. Dist. LEXIS 154296, at *52(citations omitted).  Plaintiff, as a result, fails to establish any evidence that he spoke on a

matter of public concern or that his association with the union was concerning matters of public concern.

Plaintiff also fails to cite a single Second Circuit case in support of his argument that Plaintiff suffered an adverse employment action.  The Second Circuit has held that in order to be actionable an act must be more than de minimis.  See Zelnik v. Fashion Inst. of Tech., 464 F.3d 217, 226 (2d Cir 2006).  Here, Plaintiff relies on letters to file, negative performance evaluations, the filing of Charges pursuant to Education Law § 3020-a, as well as "abusive language, name calling, gestures, and behavior of a tormenting nature" as sufficient to establish an adverse employment action.  However, Plaintiff has not articulated how any of these alleged acts have affected his employment in a substantive way—as the evidence does not establish that they have.  In order to survive summary judgment there must be sufficient evidence of an act or acts "that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights."  See Dawes v. Walker, 239 F3d 489, 493 (2d Cir 2001).  The evidence is that Plaintiff was in fact not dissuaded from fulfilling his role as chapter leader, and likewise an ordinary individual of reasonable firmness would not be dissuaded.

Even accepting Plaintiff's new alleged speech and Plaintiff's argument that Principal Ureña's arrival at HSAD restarts the timeline for analysis of temporal proximity there is still no evidence of causal connection.  See ECF Dkt. No. 39 at 23.  It is undisputed that Principal Ureña became the Principal of the High School of Art and Design in January of 2016.  See Plaintiff's Counterstatement, ECF Dkt. No. 39-34 at p. 2, ¶ 1.  It is also undisputed that Plaintiff had been Chapter Leader since the 2009-2010 school year.  See id. at ¶ 95.  As a result Plaintiff had been fulfilling the role of Chapter Leader while Principal Ureña was at HSAD for five months before he received a letter to file on May 27, 2016.  Plaintiff now argues his first

acts of protected speech began as of February of 2016.  See ECF Dkt. No. 39 at 18.  If the Court accepts Plaintiff's new claims of protected speech, that indicates that there was a period of approximately four months between February 2016 and May 27, 2016 when the first alleged act of retaliation occurred.  Plaintiff therefore cannot demonstrate a causal relationship between union activity and an allegedly retaliatory act based on temporal proximity.  See Cobb v. Pozzi, 363 F3d 89, 109 (2d Cir 2003)(refusing to find causal connection where plaintiffs had been members of union before alleged retaliation).

Plaintiff has also failed to demonstrate a causal connection based on other evidence.  In fact, the record shows that other teachers who filed grievances or who were members of the school's union board received favorable performance ratings rebutting any inference of any union animus.  See Exhibits Q, R, S.  Plaintiff's evidence that the former principal Eric Strauss had described Plaintiff as "combative" or that Superintendent Rosales mentioned difficulties with the union or chapter leader do not demonstrate any intent by Principal Ureña to retaliate against Plaintiff for his speech or associational activity.  These statements were not made by Principal Ureña or any other individual responsible for either observing Plaintiff's performance or issuing letters to file.  Principal Ureña and Marisol Rosales' May 25, 2016 visit to Plaintiff's classroom among other teachers during the superintendent's visit also does not demonstrate animus.  Plaintiff acknowledged that previous principals had performed walk-throughs in Plaintiff's classroom without providing ratings.  See Plaintiff's Counterstatement, ECF Dkt. No. 39-34 at p. 9, ¶ 28.  Moreover, although Principal Ureña provided negative feedback to Plaintiff on that occasion, he returned on a different day to administer an informal observation to Plaintiff for the purposes of rating his performance.  See Exhibit B at 66:3-5; see also Exhibit F at 187-188:25-16; Plaintiff's Counterstatement, ECF Dkt.

No. 39-34 at p. 8, ¶ 24.  Therefore, even to the extent that Plaintiff alleges multiple union leaders were observed on that day, it is unclear how the visit itself is evidence of animus.

    Disagreements between Plaintiff and Principal Ureña regarding the CBA are nothing more than the ordinary collective bargaining process—whether the disagreement is regarding attendance of individuals at consultation committee meetings or the necessity of a school based option vote, and therefore do not demonstrate animus.  Plaintiff relies primarily on testimony given by a former HSAD teacher, Richard Pellegrini, that in December of 2016 former HSAD Assistant Principal Joan Weaver requested Pellegrini report on union activity in order to show animus.  See ECF Dkt. No. 39 at 27.  Pellegrini testified that Joan Weaver stated that "they were looking to move on from the union delegate from the school."  See Plaintiff's Opposition Exhibit 19, ECF Dkt. No. 39-20, 180-181:21-3.  First, this evidence is hearsay within hearsay, and therefore inadmissible and not sufficient to defeat a motion for summary judgment.  To the extent that this statement is admissible, it is unclear what exactly the statement means such that it would demonstrate animus.  This lone, vague, hearsay statement, which allegedly occurred approximately seven months after Plaintiff alleges he was first retaliated against, is not sufficient evidence to show animus.

**B.**   **Defendants Would Have Issued Plaintiff The Same Ratings and Letters to File Regardless of Plaintiff's Putative Speech Or Activity**

    Defendants have met their initial burden by establishing clear evidence of legitimate, non-retaliatory reasons for issuing Plaintiff negative evaluations, namely issues with Plaintiffs pedagogy.  See Exhibit C at DEF0282-0284; DEF0348; DEF0402; DEF0420-DEF0421; DEF0464-DEF0465.  In addition, Defendants have offered specific reasons that Plaintiff was issued each letter to file, including failure to provide students assignments when directed, a parent complained that Plaintiff's statement was threatening, and an instance where

Plaintiff acted disruptively when Principal Ureña entered his classroom. <u>See</u> Exhibit D at DEF0310, 508-510; <u>see also</u> Exhibit B at 195:11-15; Exhibit L at P176; Exhibit B at 125:8-9. Plaintiff's statement that he "complied" with Principal Ureña's directive to provide a student work before being issued a letter to file in May of 2016 is in direct contradiction to his deposition testimony in which he stated he did not provide all of the student's assignments despite being directed to. <u>See</u> ECF Dkt No. 39-3 at ¶ 34; <u>see also</u> Exhibit B at 55-56:21-7. Plaintiff's counterstatement admits that Plaintiff failed to comply with the directive. See ECF Dkt No. 39-34 at p. 19-21, ¶¶ 65, 69, 74. After Defendant carries its burden to show legitimate, non-retaliatory reasons, the burden shifts back to Plaintiff to show that the reasons are pre-textual. <u>See</u> <u>Gilligan v. Town of Moreau</u>, 00-7109, 2000 U.S. App. LEXIS 27198, at *12 (2d Cir. Oct. 25, 2000); <u>see also</u> <u>Schwartz v. N.Y. State Ins. Fund</u>, 2012 U.S. Dist. LEXIS 165288, at *13 (S.D.N.Y. Aug. 28, 2012). Notably, "[t]he issue for the court 'is not whether the employer reached a correct conclusion' in taking the employment action, but 'whether the employer made a good-faith business determination'" <u>See id</u>. (citations omitted).

Plaintiff at most challenges the correctness of Defendants conclusions with relation to his pedagogy, stating in his affidavit "I have continued to improve all aspects of my pedagogy since Principal Ureña came to HSAD" and arguing in his counterstatement that he has provided actionable feedback to students. <u>See</u> ECF DKT 39-3 at ¶ 32; see also ECF DKT 39-32 at 15, ¶ 49. Plaintiff has not prevented sufficient evidence that the reasons given by Defendants are pretextual. Plaintiff argues that Lynn Rosales observations were "unfair" because she referred to Plaintiff as an "idiot" in a text message, but these purported facts do not suggest that Lynn Rosales fabricated her observation reports and the issues she saw in Plaintiff's pedagogy. Nor are Plaintiff's conclusory accusation stating that his ratings were fabricated, that "It's all

lies" sufficient.  See Plaintiff's Opp. Exhibit 3, ECF DKT 39-34 at 175: 21-23; 177-78:17-16; 179-80:20-5; see also Gottlieb v. County of Orange, 84 F.3d 511, 518 (2d Cir. 1996)("the opposing party is required to come forward with materials envisioned by the Rule, setting forth specific facts….He cannot defeat the motion by relying…on mere assertions that affidavits supporting the motion are not credible.")

Although Plaintiff argues that the records of Plaintiff's informal and formal observations are inadmissible hearsay, Plaintiff does not challenge the authenticity of the documents and, in any event, they fall within the exception of Federal Rule of Evidence 803(6) for business records of regularly conducted activities.  See FRE 803(6), see also Spencer v. City of N.Y., 2011 U.S. Dist. LEXIS 81347, at *4 (S.D.N.Y. July 15, 2011).  Principal Ureña and Lynn Rosales both had direct knowledge of their opinions and observations of the classroom, and made the reports near the time the events occurred, in the course of their duties as principal and assistant principal respectively. See United States v. N.Y. City Dept. of Educ., No. 16-cv-4291 (LAK)(RWL), 2018 U.S. Dist. LEXIS 133828, at *38 (S.D.N.Y. Aug. 7, 2018)(noting that where evidence will be presented in admissible form at trial it can be considered for summary judgment.)  In addition, statements made by Plaintiff, particularly with regard to the questions he asked and other statements he made during lessons included in the observation reports, do not fall within the hearsay definition as they are statements made by an opposing party.  See FRE 801(d)(2).  As Plaintiff has not shown that Defendants' proffered legitimate reasons are pretextual, Defendants' motion for summary judgment must be granted.

**C.     In The Event That The Court Finds That Plaintiff May Have Engaged In Speech Protected By The First Amendment, Defendant Ureña Is Nonetheless Entitled To Qualified Immunity Regarding Plaintiff's First Amendment Retaliation Claims**

Qualified immunity protects government officials from liability for civil damages liability if "(1) his conduct [did] not violate clearly established statutory or constitutional rights

of which a reasonable person would have known, or (2) it was objectively reasonable for him to believe that his actions were lawful at the time of the challenged act."   Montero v. City of Yonkers, 890 F.3d 386, 394 (2d Cir 2018) (citation omitted).  The Second Circuit has noted that "[t]o determine whether the relevant law was clearly established, we consider the specificity with which a right is defined, the existence of Supreme Court or Court of Appeals case law on the subject, and the understanding of a reasonable officer in light of preexisting law."  Id.

Plaintiff's argument that case law exists in which "union advocacy representation" has been found to be protected in no way establishes that existing case law established a "clearly established statutory or constitutional right."   Existing precedent must establish a right not in a vague or general manner, but place the question of whether a right exists at a level of specificity beyond debate.  See Lane v. Franks, 573 U.S. 228, 245-246 (2014); see also Ashcroft v. al-Kidd, 563 U.S. 731, 741-742 (2011).   The relevant inquiry is whether Defendant should have known that the right was protected, and following Plaintiff's argument that a right existed under some limited circumstances and therefore Defendant should have known would "convert the rule of qualified immunity into a rule of unqualified liability simply by alleging violation of an extremely abstract right."  See Lewis v. Cowen, 165 F.3d 154, 167 (2d Cir. 1999)(internal citations omitted).

The Supreme Court has not resolved the question as to whether when a person speaks in his or her capacity as a union member they speak as a private citizen.  The Second Circuit has declined to rule categorically, requiring a fact specific inquiry, indicating that Defendants' alleged conduct towards Plaintiff would not be retaliatory because a right had not been "clearly established" in this context. See Montero v. City of Yonkers, 890 F.3d 386, 399 (2d Cir 2018).  The Second Circuit has held that speech can be pursuant to an employee's official

job duties even where they are not required by the position.  See Weintraub v. Bd. of Educ., 593 F.3d 196, 203 (2d Cir 2010).  The precedent relied upon by Plaintiff, Payson, specifically held that where a union member and union representative discussed topics like hours and compensation and the relationship between employees and management, they are within the bounds of official duties and therefore, not private speech.  Payson, 2017 U.S. Dist. LEXIS 154296, at **55-57.  Montero found speech was protected where the vice president of a police union complained regarding the Police Commissioner's decisions regarding discontinuing several police units.  Montero, 890 F.3d at 391 (citing Weintraub, 593 F.3d at 203).  Although even under the analysis in Montero Plaintiff's speech would not be protected, the decision expanded the Second Circuit's First Amendment retaliation analysis regarding speech made pursuant to a person's role as a union representative instead of solely as a union member.  See Id. at 398.

Accordingly, even if it is not beyond debate that Plaintiff's activities as Chapter Leader and as a member of the union executive board at the HSAD were subject to First Amendment protection, the defendant Ureña is nonetheless entitled to qualified immunity to the extent he is being sued in his individual capacity.

## POINT III

**PLAINTIFF CANNOT DEMONSTRATE THAT THE CONSTITUTIONAL VIOLATIONS ABOUT WHICH HE COMPLAINTS RESULTED FROM A MUNICIPAL POLICY OR PRACTICE OF THE BOE; THEREFORE HIS 42 U.S.C. § 1983 CLAIMS AGAINST THE BOE MUST FAIL**

Plaintiff has not identified, let alone provided evidence of a municipal policy or practice as is required to hold Defendant BOE liable under 42 U.S.C. § 1983.  See Monell v. Dep't of Social Services, 436 U.S. 658 (1978).  The Monell claim asserted here is that the BOE

has a policy and practice of retaliating against those of its employees who engage in First Amendment protected speech or associations by issuing letters to file and by issuing less than satisfactory performance evaluations. Although Plaintiff argues that a Principal may be the final policymaker in order to attribute his actions as constituting the policy of the BOE, there must be evidence that the Principal has the authority to adopt policy with regards to the specific practice, not merely make an individual decision. See Hurdle v Bd. of Educ., 113 F. App'x 423, 426 (2d Cir. 2004)("even if Romandetto could make the final transfer decision, that authority is not dispositive of her status as a policymaker.") The Court in Marino relied on testimony of the principal that "[e]verything inside that school okay, is under control of the school and the leaders in there." See Marino v. Chester Union Free Sch. Dist., 859 F. Supp. 2d 566, 569-570 (S.D.N.Y. 2012). No such testimony exists here. It is not enough for Plaintiff to make the conclusory allegation that Principal Ureña was a "final policymaker" or that "All of the harm that befell Plaintiff was under Defendant Ureña's control." See Plaintiff's Opp at 31.

It does not suffice for Monell attribution purposes that the official has been granted discretion in the performance of his duties. See St. Louis v. Praprotnik, 485 U.S. 112, 126-127 (1988). If the mere exercise of discretion by an employee could give rise to a constitutional violation, the result would be indistinguishable from respondeat superior liability. Id. at 126. Here, the policies concerning evaluating teacher performance are set forth in the State Education Law, see NY Education Law §§ 3012-c, 3012-d, and in the BOE's Advance Guide for Educators. See Exhibit V; Exhibit 4. They are not set by an individual school principal. Similarly, the policies concerning teacher discipline and BOE-union relations are set forth in the Collective Bargaining Agreement (CBA) between the United Federation of Teachers and the BOE, see Exhibit H at Art. 21, 22 and CBA generally, in NY Education Law § 3020-a, and in the

NY Civil Service Law §§ 200, et seq.  They are not set by an individual school principal. Therefore Plaintiff's <u>Monell</u> claims must be dismissed.

**POINT IV**

**PLAINTIFF'S HOSTILE WORK ENVIRONMENT CLAIM FAILS**

Plaintiff has failed to establish evidence of putative gender discrimination sufficient to affect the terms or conditions of employment.  Plaintiff's absurd accusation that in March of 2016 Principal Ureña stood behind him "in a simulated act of penetration" is wholly unsupported by his deposition testimony on the subject: "I was bending down, and I was bending down speaking to them, and my derriere was up, arched, and all of a sudden I felt something hovering over me.  I felt something that -- some presence. I turned around, and I see him, and immediately he puts his head up..." <u>See</u> Plaintiff's Opp Exhibit 3 at 98:1-7.  Plaintiff's testimony regarding this "heinous act" establishes nothing more than that Principal Ureña stood behind him, and despite Plaintiff's claim that others were present he has submitted no supporting affidavits by those present corroborating this putative "simulated act of penetration."  Likewise, Plaintiff's testimony regarding Principal Ureña's allegedly inappropriate consumption of a lollipop similarly does not establish a sexual act: "(w)ell, he put it back in his mouth.  He was sucking on it (indicating).  What you do when you lick lollipops.  I don't suck lollipops. I'm not a child, sir." <u>See</u> Exhibit B at 109:21-23.  The uncontested evidence establishes that Principal Ureña had offered other individuals lollipops and eaten lollipops in front of other individuals. <u>See</u> Plaintiff's Opp, ECF DKT 39 at 33-35.  Plaintiff's remaining allegations that Principal Ureña walked towards him while shouting "it's a beautiful day," "clapped" at him, made "facial gestures," sang, and made unidentified comments, are not sufficient to establish harassment sufficiently severe and pervasive in order to support a hostile work environment.

-13-

Although Plaintiff blithely argues "a spade is a spade," all of his allegations rest on his specious and objectively unsupported belief that Principal Ureña's actions had a sexual connotation and were thus made because of Plaintiff's sex.  However, "it is well established that plaintiff's 'feelings and perceptions of being discriminated against are not evidence of discrimination.'"  See Petrisch v. HSBC Bank USA, Inc., No. 07-CV-3303 (KAM)(JMA), 2013 U.S. Dist. LEXIS 45346, at *40 (E.D.N.Y. Mar. 28, 2013).  Where the acts Plaintiff complains of involve eating a piece of candy, clapping, singing, and standing nearby Plaintiff, there is no common sense inference that any act was performed in relation to Plaintiff's sex, and Plaintiff can't "call a spade a spade," he must show his cards.  As Plaintiff has failed to offer evidence that any action was taken on the basis of his sex, his claim for hostile work environment under federal, state or local law must fail.

## POINT V

### PLAINTIFF'S  GENDER  DISCRIMINATION BASED RETALIATION CLAIM FAILS

As discussed above with respect to Plaintiff's First Amendment Claims, there is no action here sufficient to dissuade a reasonable worker from making or supporting a charge of discrimination.  See Burlington Northern & Santa Fe Railway v. White, 543 U.S. 53 (2006).  Although Plaintiff has been charged with Education Law § 3020-a proceedings, he has yet to suffer any discipline as a result of these proceedings or even undergone a hearing, and as a result has failed to show an adverse action.  See Magnusson v. County of Suffolk, No. 14-CV-3449 (SJF)(AR), 2016 U.S. Dist. LEXIS 64897, at *38-39 (E.D.N.Y. May 17, 2016)(noting no action was taken by employer following written reprimand).

In addition, Plaintiff's novel argument that retaliation under separate laws for distinct activities should be analyzed as a single claim is unsupported by precedent and is

illogical.  Plaintiff's claims for First Amendment Retaliation center factually around his role as UFT Chapter Leader; Plaintiff's claims under Title VII, the NYSHRL and the NYCHRL center around his internal OEO and EEOC complaints.   The analysis regarding whether a causal relationship exists must be distinct both because independent proof would be required to proof retaliatory intent with respect to the two different acts, and also critically the timelines for each set of protected activity are different.  Plaintiff was already on a teacher improvement plan at the time that he met Principal Ureña on January 20, 2017 when the activity he complained of occurred.  See Exhibit B at 107:22-24; see also Exhibit F at 210:11-13.

As progressive discipline had already begun in advance of Plaintiff's complaints regarding sexual harassment, temporal proximity to an adverse employment action creates no inference of causation.  See Slattery v. Swiss Reins. Am. Corp., 248 F.3d 87, 95 (2d Cir. 2001). see also Wright v. NY City Off-Track Betting Corp., 2008 U.S. Dist. LEXIS 22567, at *13 (S.D.N.Y. Mar. 24, 2008)(citing Slattery).

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in their initial moving papers, Defendants respectfully request that this Court grant their motion for summary judgment, dismiss the Complaint in its entirety, and grant Defendants such other and further relief as this Court deems just and proper.

Dated:       New York, New York
              July 23, 2019

                           **ZACHARY W. CARTER**
                           Corporation Counsel of the
                             City of New York
                           Attorney for Defendants
                           100 Church Street, Room 2-169
                           New York, New York 10007
                           (212) 356-2445
                           nigreen@law.nyc.gov

                          By:     */s/ Nicholas Green*
                                 Nicholas Green
                                 Assistant Corporation Counsel

Bruce Rosenbaum,
Nicholas Green,
   Of Counsel.