LOHIER, Circuit Judge, concurring in part and concurring in the judgment:

I concur fully in the majority's excellent opinion except for Section II.A, which affirms the District Court's dismissal of Agosto's hostile work environment claim stemming from an alleged incident of sexual harassment in March 2016. In my view, the only reason to affirm the dismissal of that claim is that it was unsupported by the district court record. I respectfully disagree with the additional reason the majority opinion supplies.

To explain why, I turn to the procedural background. In opposing summary judgment, Agosto submitted a sworn affidavit that failed to mention the March 2016 incident and pointed instead to another event nine months later, in January 2017, as the first time he was harassed. Agosto first described the March 2016 incident of sexual harassment in his brief in opposition to the defendants' motion for summary judgment, see J. App'x 896, and in his Rule 56.1 Counterstatement, see J. App'x 946. In their reply brief in support of the motion, furthermore, the defendants quoted part of Agosto's deposition testimony relating to the March 2016 incident. Agosto testified as follows: "I was bending down, and I was bending down to speak

1   to them, and my derriere was up, arched, and all of a sudden I felt something

2   hovering over me . . . . I turned around, and I see [Ureña]."  J. App'x 1236.

3       As the majority explains, although Agosto referred to the incident in his

4   brief and cited to the relevant deposition transcript pages describing the

5   incident, he failed to attach the pages to his summary judgment papers so that

6   they could properly be considered by the District Court as part of the

7   summary judgment record.  We should affirm the dismissal of the claim for

8   that limited reason alone, and I would have ended the analysis there.

9       But the majority opinion also affirms on the additional ground that the

10  District Court could in any event have disregarded Agosto's testimony about

11  the March 2016 incident on summary judgment because it "contradicted"

12  Agosto's sworn affidavit, which failed to mention the incident.  See Majority

13  Op. at 25.  This approach is both unnecessary and, in my view, a mistake.

14  First, it ignores that "when a district court is asked to consider contradictory

15  deposition testimony of a fact witness at summary judgment, a district court

16  may not discredit a witness's deposition testimony . . . because the assessment

17  of a witness's credibility is a function reserved for the jury."  Moll v.

19-2738-cv
Agosto v. N.Y.C. Dep't of Educ.

1   Telesector Res. Grp., Inc., 760 F.3d 198, 206 (2d Cir. 2014) (quotation marks

2   omitted).  Second, it reflects a misunderstanding of the sham issue of fact

3   doctrine, which "prohibits a party from defeating summary judgment simply

4   by submitting an affidavit that contradicts the party's previous sworn

5   testimony."  Id. at 205 (emphasis omitted) (quoting In re Fosamax Prods. Liab.

6   Litig., 707 F.3d 189, 193 (2d Cir. 2013)).  The affidavit can be disregarded (and

7   summary judgment can thus be granted) only if it clearly, "unequivocal[ly]

8   and inescapabl[y]" contradicts the prior statement.  Bentley v. AutoZoners,

9   LLC, 935 F.3d 76, 86 (2d Cir. 2019) (quotation marks omitted).  Not even an

10  "arguably contradictory" affidavit is enough to reject the party's testimony at

11  the summary judgment stage.  See Hayes v. N.Y.C. Dep't of Corr., 84 F.3d 614,

12  620 (2d Cir. 1996) (plaintiff's failure to identify his alleged enemies to prison

13  officials at his first deposition and his later ability to do so at his second

14  deposition was only "arguably contradictory" and thus insufficient to dismiss

15  plaintiff's deliberate indifference claims on summary judgment).

16       To be sure, the omission of the March 2016 incident from Agosto's

17  sworn affidavit could well prompt a factfinder to think that Agosto is lying

19-2738-cv
Agosto v. N.Y.C. Dep't of Educ.

1    about the incident.  But it can hardly be said to trigger the sort of real,

2    "inescapable and unequivocal" contradiction that permits a district court to

3    reject otherwise admissible evidence based on the sham issue of fact doctrine.

4    Bentley, 935 F.3d at 86; see Rivera v. Rochester Genesee Reg'l Transp. Auth.,

5    743 F.3d 11, 22–23 (2d Cir. 2014) (that plaintiff did not initially complain of the

6    slurs to his employer "may lead a factfinder to find that claim not credible,

7    but there is no real, unequivocal, and inescapable contradiction").  Whatever

8    mismatch exists between Agosto's testimony and his affidavit, it was not

9    alone a reason to prevent the District Court from considering the March 2016

10   incident at summary judgment.  See Hayes, 84 F.3d at 620.

11        For this reason, I respectfully concur in the judgment as to Section II.A

12   and concur fully in all other respects.